UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TRAX RECORDS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 22-4641** |
| **YE ET AL.** | * | **SECTION L(5)** |

## ORDER & REASONS

Before the Court is Plaintiff Trax Records' Motion for Alternative Service on Defendant Ye. R. Doc. 21-1. Having considered the briefing and the applicable law, the Court rules as follows.

### I. BACKGROUND

This case arises out of Defendant Ye's alleged unauthorized use of a master recording owned by Plaintiff Trax Records, LTD in Ye's 2022 song titled, "Flowers." R. Doc. 1 at 2. Plaintiff alleges that Flowers included a sample from "Move Your Body," a recording owned by Trax, and thus the song infringes upon Plaintiff's copyright. *Id.*

Ye released Flowers on his 2022 album, Donda 2. *Id.* at 1-2. The album was available only through the purchase of a Stem Player, an audio listening device. *Id.* at 2. Ye and the other Defendants, including Kano Computing Limited ("Kano"), in the suit designed, manufactured, and distributed the Stem Player worldwide. *Id.* Plaintiff states that Ye has received millions of dollars in sales of the Stem Player as a result of Donda 2, which includes the unauthorized use of Move Your Body. *Id.*

Although Plaintiff has been successful in serving a copy of its complaint on Kano, Plaintiff has been unable to serve Ye. R. Doc. 22 at 1-2. Plaintiff avers that a copy of the complaint was delivered by mail to an address Plaintiff believed to be Ye's residence, but Ye's attorney denied that Ye currently resides there. R. Doc. 22-1 at 3. Plaintiff also asked Ye's attorney if he could

waive service on Ye's behalf, but Ye's attorney stated that he was not authorized to do so. *Id.* at 2, 3. Ye's attorney at one point indicated that Ye was traveling internationally. *Id.* at 1. Unable to serve Ye, Plaintiff filed the instant Motion for Alternative Service. R. Doc. 21.

## II. PRESENT MOTION

In its motion, Plaintiff broadly argues that without alternative service of process on Ye, notions of due process and integrity will not be met in this case. *Id.* at 1, 2. Plaintiff argues that the Federal Rules of Civil Procedure permit service of international parties in an alternative manner when traditional methods are impractical. *Id.* at 2; Fed. R. Civ. P. 4(f). Plaintiff argues that Ye has essentially made himself an international defendant based on his public international appearances, as well as representations by Ye's attorney. R. Doc. 22 at 2.

Though Plaintiff proposes four alternative methods of service in its original motion,[1] in a supplemental memorandum submitted to the court, Plaintiff respectfully urges this Court to grant its motion and permit service via e-mail to Ye's attorney. *Id.*

## III. APPLICABLE LAW

Federal Rule of Civil Procedure 4(e) governs the service of an individual within the United States. Fed. R. Civ. P. 4(e). It provides that an individual may be served by:

(1) Following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) Doing any of the following:
    (A) Delivering a copy of the summons and of the complaint to the individual personally
    (B) Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C) Delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[1] The methods of service that Plaintiff proposes are service via (a) reputable global publication; (b) international certified mail; (c) e-mail; and/or (d) a legal representative. R. Doc. 21 at 2.

*Id.*

Federal Rule of Civil Procedure 4(f) provides that service of process may be effected through alternative means for international defendants. Fed. R. Civ. P. 4(f). The rule states that individuals may be served internationally except for minors, incompetent persons, or those who have already waived service. *Id.* There are several options for serving process internationally, such as adhering to methods stated in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents or by other means reasonably calculated to give the defendant notice. *Id.*

## IV.   ANALYSIS

Plaintiff has not satisfactorily demonstrated why service should be effected via alternative means in this case. Rule 4(f) does not allow alternative process through email where personal or domiciliary service is impractical as Plaintiff suggests; instead, the provision is solely reserved for individuals who are not physically located in the United States. R. Doc. 22 at 2; Fed. R. Civ. P. 4(f). While e-mails between opposing counsel suggest that Ye was in Japan in July 2023, Plaintiff does not specifically identify any evidence that Ye is located outside of the United States at this time. R. Doc. 22-1 at 1.

Similarly, Plaintiff has not cited to any Louisiana or state law where Ye may be found that would permit service through email, or any of the other alternative means that it suggests pursuant to Rule 4(e)(1). While the Court is sympathetic to the fact that Plaintiff is having difficulty locating Ye, it cannot authorize an alternative method of service sua sponte.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Alternative Service, R. Doc. 21, is **DENIED.** Plaintiff, however, reserves the right to re-urge its motion at a later date, when it has more clarity on where Ye is located.

New Orleans, Louisiana this 19th day of January, 2024.

_____
United States District Judge